IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT FAIRBANKS

| | | | |
|---|---|---|---|
| LISA ROCKWELL | ) | | |
| Plaintiff | ) | | |
| | ) | | |
| V | ) | CASE NO. __4FA-23-_____CI____ | |
| | ) | | |
| PROGRESSIVE INSURANCE, THE PROGRESSIVE | ) | AMENDED COMPLAINT FOR BREACH | |
| | ) | OF CONTRACT, NEGLIGENCE AND ACTING | |
| | ) | IN BAD FAITH | |
| CORPORATION, PROGRESSIVE CASUALTY | ) | | |
| INSURANCE COMPANY, ("PROGRESSIVE | ) | | |
| CASUALTY"), AND (PROGRESSIVE DIRECT) | ) | | |
| INSURANCE COMPANY) ("PROGRESIVE DIRECT") | ) | | |
| (COLLECTIVELY "DEFENDANT" OR DEFENDANTS | ) | | |
| _____ | ) | | |

1) COMES NOW Plaintiff Pro Se, Lisa Rockwell, ("Plaintiff") and alleges for its Complaint against the above-captioned Defendants as follows:

INTRODUCTION AND NATURE OF THE ACTION

2) 1. Plaintiff brings this action against Defendants for 1. Breach of Contract. 2. Negligence 3. Acting in bad faith. Defendants sold products promising monetary coverage of their Recreational Vehicles and personal contents.

3) Plaintiff brings this complaint on her own behalf, who received partial payment for damages to her recreational Vehicles and personal property from Defendant. Defendant used unethical methods of determining actual replacement value / purchase price of claimants' personal property by applying "Actual Costs" that are: (a) deceptive and unexplained; (b) contrary to appraisal standards and methodologies.

4) Defendants demand Plaintiff, pay for a policy she canceled that Defendant reopened without plaintiffs' permission due to Defendants negligence for inaccurately valuing a vehicle. Defendant should have applied their errors and omissions insurance. Defendant charged the plaintiff for a policy that was not in effect.

Rockwell V. Progressive Complaint                                           CASE NO. __4FA-23-_____CI____
3240 Plato Way, North Pole Alaska 99705
(907)750-7101                              PAGE 1 OF 10
                                                                Exhibit A, page 1 of 10
Case 4:23-cv-00022-JMK   Document 1-1   Filed 09/21/23   Page 1 of 10

5) Defendants when valuing total loss claims for personal property, it is improper for an insurance company, to under replacement value / purchase price and underpay the claims by manipulating the data used to determine the actual replacement value / purchase price of the Items. Specifically, under its insurance policy terms and applicable Alaska law, Defendant has a duty to pay, and represents that it will pay, the actual replacement value / purchase price of personal property loss when adjusting total loss claims. Notwithstanding these obligations and representations. Defendant fails to fulfill this obligation by using a valuation process that employs improper and unreasonable adjustments to reduce the replacement value / purchase price of comparable Items, which in turn reduces the valuation of the total loss and the claim payment to the insured.

6) Specifically, Defendant, uses an unethical method of price searching" that results in a significant downward adjustment to the base replacement value / purchase prices of the comparable personal property used to calculate the actual replacement value / purchase price of Plaintiffs' loss This reduction is contrary to appraisal standards and methodologies and is not based in fact, as it is contrary industry's market pricing and inventory management practices. The adjustment is applied to each of the comparable items.

7) Defendants" practice of undervaluing comparable and total loss Personal Contents when paying total loss claims through use of deceptive adjustments, which benefits the insurer at the expense of the insured, violates policies with its insureds and Alaska Law

8) Accordingly, Plaintiff, through this action, seeks to require Defendants to pay all costs necessary to reimburse for Personal Contents lost in the hurricane.

9) Lastly, Plaintiff seeks from Defendants all damages that Plaintiff is entitled to recover including, but not limited to, property damages, economic damages, punitive damages, and all other damages, fees, costs, and equitable relief to which Plaintiff may be entitled.

JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction based upon AS 22.10.020, and 45.50.501, which grant the Plaintiff authority to file suit against Defendants. The Plaintiff seeks damages in excess of $100,000, the exact amount to be proven at trial.

Rockwell V. Progressive Complaint                             CASE NO.__4FA-23-_____CI___
3240 Plato Way, North Pole Alaska 99705
(907)750-7101                             PAGE 2 OF 10
                                                                                        Exhibit A, page 2 of 10
            Case 4:23-cv-00022-JMK   Document 1-1   Filed 09/21/23   Page 2 of 10

16. Personal jurisdiction over these Defendants is proper because they regularly conduct business in Alaska and/or have the requisite minimum contacts with Alaska necessary to constitutionally permit the Court to exercise jurisdiction over them pursuant to Alaska's Long-Arm Statute, as codified at AS 09.05.015.

17. Venue is proper in the Fourth Judicial District at Fairbanks pursuant to Alaska R. Civ. P. 3 in that many of Defendants' unlawful acts and/or practices that give rise to this Complaint were committed in this judicial district.

PARTIES

18. Plaintiff resides in the State of Alaska, and the property loss was insured with an Alaska Policy. The Plaintiff brings this action pursuant to his constitutional authority, and the Alaska Unfair Trade Practices and Consumer Protection Act, AS 45.50.471, et. seq.

10) Upon information and belief, the defendant a Northbrook, Delaware Corporation, Corporate headquarters in Mayfield Village, Ohio. Licensed, at all times relevant to this action, was engaged in the business of providing valuation services, designed, marketed, distributed, and/ or sold, Progressive Products that Defendants knew or reasonably should have known would enter, registered to conduct business in the State of Alaska.

FACTUAL ALLEGATIONS

11) The Complaint against Defendant Corporation d/b/a Defendant and Defendant Group of Insurance Companies ("Defendant" or "Defendant") states and alleges as follows: Plaintiff bring this complaint on her own behalf who received a partial payment for the loss of a totaled vehicle from Defendant, where Defendant used incorrect valuation reports prepared by unknown sources to determine the actual replacement value / purchase price of the loss vehicle.

12) When valuing total loss claims for vehicles, it is improper for an automobile insurance company, such as Defendant, to under replacement value / purchase price and underpay the claims by manipulating the data used to determine the actual replacement value / purchase price of the vehicles. Specifically, under its insurance policy terms and applicable Alaska law, Defendant has a duty to pay, and represents that it will pay, the actual replacement value / purchase price of a loss vehicle when adjusting total loss claims. Notwithstanding these obligations and representations, Defendant fails to fulfill this obligation by using a valuation process that employs improper and unreasonable adjustments to reduce the replacement value /

Rockwell V. Progressive Complaint                              CASE NO.  4FA-23-_____CI___
3240 Plato Way, North Pole Alaska 99705
(907)750-7101                          PAGE 3 OF 10

Exhibit A, page 3 of 10

Case 4:23-cv-00022-JMK   Document 1-1   Filed 09/21/23   Page 3 of 10

purchase price of comparable vehicles specified in the valuation reports, which in turn reduces the valuation of the total loss vehicles and the claim payment to the insured.

13) Plaintiff estimates in excess of 100 putative class members in a similar suit, and the aggregate compensatory damages (in the amount of the Projected Sold Adjustments that were deceptively deducted), claimed by Plaintiffs and the Class are estimated in good faith to exceed $5,000,000. This pattern and practice of undervaluing comparable and total loss vehicles when paying automobile total loss claims through the systemic use of these invalid and deceptive adjustments, which benefits the insurer at the expense of the insured, violates Defendant's policies with its insureds and Alaska Law

14) On or about November 13, 2019, Plaintiff purchased 2 Recreational Vehicles from an RV Dealer in Jacksonville Florida, a 2018 StarCraft GPS 230 MLD (GPS) pull behind camper replacement value / purchase priced at $60,000.00 and a 2020 Keystone Raptor 423 44-foot Toy Hauler Fifth Wheel (KRTH) Extreme Weather Package replacement value / purchase priced at $118,586.00 from the manufacturer. Plaintiff purchased the Raptor on sale for $88,477.00. Discounts and Sale Prices are not accounted for in Valuation. The RV Dealer submitted to Defendant the required Insurance Book to obtain insurance.

15) Plaintiff purchased an extreme weather package, intended to be used for travel in their home State of Alaska with the Quantum Velocity Package, Interior Luxury, Exterior Adventure Package also known as the Extreme Weather Package (EWP). The difference between a standard RV and EWP is an RV Arctic Package includes extra insulation, a sealed underbelly, heated enclosed holding tanks, and PEX plumbing pipe. Plaintiffs' unit had a marking on the unit by the door identifying this as an EWP.

16) Plaintiff Insured with Defendant (Defendant) and assumed the Defendant used correct measures to insure both vehicles with as required in accordance with the lienholder. Plaintiff obtained and provided Defendants a requested copy of valuation at the time of purchase, on July 11th 2022 Defendant listed the purchase price of the unit at $63,050.00 Manufacturers base price for the 2020 Raptor was $79,905.00 add on features such as the Extreme Weather Package was $38,681.00 total manufactures price for full replacement replacement value / purchase price was $118,586.00 Defendant undervalued the replacement value / purchase price of the unit and insured the 2020 Raptor at $63,050.00 cap which is NOT NADA replacement value / purchase price. Defendant tried to use the sale price as estimating replacement value / purchase price. Defendant claims Plaintiff agreed to the $63,050. cost, even though the policy was changed later. Defendant was asked to provide all of the voice recordings where plaintiff agreed to that specific amount and was told Plaintiff would have to get a court order.

Rockwell V. Progressive ComplaintCASE NO.__4FA-23-_____CI___
3240 Plato Way, North Pole Alaska 99705
(907)750-7101PAGE 4 OF 10

Exhibit A, page 4 of 10
Case 4:23-cv-00022-JMK   Document 1-1   Filed 09/21/23   Page 4 of 10

17) On or around March 2022 Plaintiff changed the policy to total loss replacement because the Plaintiff lived in the RV full time. Both Plaintiffs' units the KRTH and the GPS each had in excess of $40,000.00 of personal contents in both units, items that are necessary for operating the unit, such as special electronic surge protectors to monitor electric and tire blocks to prevent rolling, clothes, towels, makeup, toiletries, kitchen items, washer and dryer, bedding and many other Items such as 50 gallons of fuel that was required to operate the unit while it was without power. Defendant failed to confirm the correct purchase price and again incorrectly listed it at $63,050.00

18) Plaintiff and her family were visiting Florida, on Wednesday September 28th, 2022, Category 5 Hurricane Ian struck Florida, both RV's were destroyed. Plaintiff filed a property damage claim in accordance with Defendants required reporting. Defendant declared both Plaintiffs' vehicles to be a total loss and purported to offer each of them the replacement value / purchase price of their loss vehicles, as it promised and represented it would under the uniform provisions of its insurance policies. Defendant stated that if the unit was destroyed full replacement replacement value / purchase price would purchase a comparable unit and personal contents would be covered. Defendant stated that payout would ony be $63,050.00

19) Plaintiff, the lien holder and the lien holders GAP policy repeatedly requested an accurate NADA valuation for replacement, Defendants Claims Reps provided a partial screenshot of a unit that was not the plaintiffs, omitting pertinent information such as features that added replacement value / purchase price to the vehicle and increased the replacement value / purchase price. Plaintiff provided claims representative manufacturers cost in which it was provided in an email to the defendant's February 15th, 2023, and April 11th, 2023. Plaintiffs provided a list of Items that were in the units at the time of the Hurricane, and many were left out due to being blown away by Hurricane Ian. Defendant paid $5,971.00 for $40,000.00 worth of personal contents on both units.

20) July 2023 documentation shows Defendant still has the unit listed as purchased at $63,050.00 with full replacement/purchase price insurance.

21) On or around March 30th, 2023, Plaintiff canceled her policy as she no longer required the coverage as acknowledged in an email. On or around 05/11/2023 Plaintiff received collections notice that Defendant had reactivated Plaintiffs Insurance Policy without her permission or Knowledge after she had closed the account due to the Vehicle being totaled, Defendant claims that they reactivated the policy to cover the remaining portion of the vehicle to be able to pay it off, Defendant demanded Plaintiff pay for the extra coverage on the policy. Plaintiff was not paid the difference.

Rockwell V. Progressive Complaint CASE NO.__4FA-23-_____CI___
3240 Plato Way, North Pole Alaska 99705
(907)750-7101 PAGE 5 OF 10

Exhibit A, page 5 of 10
Case 4:23-cv-00022-JMK   Document 1-1   Filed 09/21/23   Page 5 of 10

22) Defendant told Plaintiff she could change it to replacement value / purchase price but she would have to refinance a unit, Defendants failure to provide a timely response resulted in damage to Plaintiffs credit score causing inability to purchase any unit on credit. A replacement unit of the same is $152,465.00, without taxes and fees. Defendants' actions resulted in lost income for future rental units.

23) It is uncertain as to the process used in plaintiffs' valuation. Valuation reports purport to contain replacement value / purchase prices for comparable vehicles recently sold or for sale in the claimant's geographic area. The reports also contain a purported valuation for the loss vehicle based upon advertisements for comparable vehicles listed in the report. The report then adjusts the advertised prices of those comparable vehicles to account for differences in equipment, mileage, and vehicle configuration. Defendant failed to list any of the features on Plaintiffs vehicle.

24) Defendant provides no data specific much less the specific downward adjustments used in Plaintiffs' valuation reports. Defendant's practices deceptive. As part of a deceptive practice to lower the replacement value / purchase price of property claims, Defendant does not do what it says it will do – pay actual eplacement value / purchase price. In truth. Defendant's methods do not reflect market realities. A negotiated price discount would be highly atypical and therefore is not proper to include in determining actual replacement value / purchase price. The inclusion of this significant downward adjustment purportedly to "reflect consumer purchasing behavior" is particularly improper in the context of this action—insureds who have suffered a total loss of their vehicle and need to procure a replacement and have limited time to search out the illusory opportunity to obtain the below-market deal Defendant assumes always exists without any explanation or support.

25) Defendants Corporation has its corporate headquarters located at 6300 Wilson Mills Rd, W33, Mayfield Village, OH 44143. According to its website https://www.defendant.com Corporation conducts business throughout the country under the brand Defendant or the Defendant Group of Insurance Companies, underwriting auto insurance to over 20 million drivers countrywide. In its 2019 Annual Report, Defendant reported $37.6 billion in net premiums written by Defendant Corporation. In the state of Alaska, Defendant underwrites auto insurance in coordination with various subsidiaries, all of which are registered with the Alaska under the same Group Number, Group Name (Defendant Group), with the same website (https://www.defendant.com), and the same address (6300 Wilson Mills Rd, W33, Mayfield Village, OH 44143). These Defendant Group entities include Defendant Casualty Insurance Company, Defendant Advanced Insurance Company, Defendant Specialty Insurance Company, Defendant Max Insurance Company, Defendant Northwestern Insurance Company, Defendant Direct Insurance Company, and Defendant Northern Insurance Company.

Rockwell V. Progressive Complaint　　　　　　　　　　　　　　CASE NO.__4FA-23-_____CI___
3240 Plato Way, North Pole Alaska 99705
(907)750-7101　　　　　　　　　　PAGE 6 OF 10

Exhibit A, page 6 of 10

Case 4:23-cv-00022-JMK   Document 1-1   Filed 09/21/23   Page 6 of 10

26) Upon information and belief, Defendant performs all material insurance operations related to auto insurance policies underwritten by it and its subsidiaries. Most relevant to this action, Defendant adjusts total loss automobile claims made on policies of insurance issued by it and any subsidiary in Alaska, pursuant to the same policies and practices, by the same adjustor employees working in the same claims centers, utilizing a single website (www.defendant.com), and using the same address, telephone number, and letterhead on correspondence. Defendant Corporation recruits' claims representatives and other employees in Alaska and throughout the United States through its website. Those job postings refer throughout to "Defendant" as the entity advertising for employment. As detailed at the Defendant website, Defendant investigates, handles, and adjusts all insurance claims using the same policies and procedures, regardless which Defendant subsidiary was involved with Defendant in issuing the relevant policy. These common policies and procedures, implemented by the same adjustor employees, apply specifically to the adjustment of claims for replacement value / purchase price when a total loss is covered by the policy.

27) Upon further information and belief: (a) Defendant is the custodian of record for Defendant Corporation and all its subsidiaries; (b) Defendant maintains claim information for all auto claims within the same computer systems, regardless whether any other subsidiary is or is not involved in the underwriting and issuance of the relevant policy; (c) Defendant employed and paid the adjusters who adjusted Plaintiffs' total loss claims; (d) Defendant (on behalf of all subsidiaries) entered into a single contract with Plaintiff to determine actual replacement value / purchase price covering all claims involving or related to Defendant insureds; and (e) Defendant was directly involved in the wrongdoing alleged herein as the adjustor of the total loss claims.

28) Consistent with marketing, selling, and adjusting insurance under the same Defendant trademark, out of the same corporate headquarters and regional offices, and via the same website (www.defendant.com), Defendant Corporation issues and underwrites insurance policies with no material differences relevant to the claims in this action, regardless whether any other subsidiary is or is not involved in the underwriting and issuance. Consistent with these claim practices, the Plaintiff valuation reports refer only to the Defendant Group of Insurance Companies.

29) The Alaska First District Court of Appeal noted that Alaska Statute Section 627.7011 (3) provides " [i]n the event of a loss for which a dwelling or personal property is insured on the basis of replacement costs, the insurer shall pay the replacement cost without reservation or holdback of any depreciation in replacement value / purchase price, whether or not the insured replaces or repairs the property. "Defendant's unknown

Rockwell V. Progressive Complaint          CASE NO.__4FA-23-_____CI___
3240 Plato Way, North Pole Alaska 99705
(907)750-7101                    PAGE 7 OF 10
                                        Exhibit A, page 7 of 10
Case 4:23-cv-00022-JMK   Document 1-1   Filed 09/21/23   Page 7 of 10

valuation methods are contrary to appraisal standards. There are multiple generally-recognized and acceptable methodologies for determining actual replacement value / purchase price, including use of comparable vehicles. Defendant begins the process of valuing loss vehicles using comparative methodology but improperly deviates from that process by thumbing the scales in favor of itself. Defendant claims that they document the loss vehicle's and each comparable vehicle's mileage, options, and trim, which are compared in the report and makes dollar adjustments accordingly.

30) Plaintiffs were damaged by Defendant's methods of valuation because they were not paid the correct replacement value / purchase price they would have received had Defendant applied proper methodologies and appraisal standards. Were it not for this deceptive and improper adjustment, the "Base Replacement value / purchase price" in each valuation report would have been higher, resulting in a higher "settlement replacement value / purchase price" and in turn a higher payment by Defendant for actual replacement value / purchase price. Specifically, for Plaintiff, were it not for this deceptive and improper adjustment, the payment of actual replacement value / purchase price by Defendant would have been higher,2 before adding the related increase in payments for applicable sales taxes.

31) This action is brought by Plaintiff, on her own behalf, for damages, plus interest, and costs. Plaintiffs seek certification of this action behalf of the following Classes: Breach of Contract Class. The common questions of law and fact include: a. Whether Defendant systemically used an accurate method Vehicle Valuation Reports in adjusting total loss claims to determine actual replacement value / purchase price; b. Whether Vehicle Valuation Reports included Projected Sold Adjustments to the replacement value / purchase price of the comparable vehicles that reduced the base replacement value / purchase price, and thus the claim amount paid by Defendant for the actual replacement value / purchase price of Plaintiffs' total loss vehicles. Whether Defendant's acts violated its obligation under the policy of insurance; f. Whether Plaintiffs are entitled to compensatory damages, and if so, the calculation of damages; and Whether Plaintiff is entitled to an injunction restraining Defendant's future deceptive acts and practices.

Final Declaratory or Injunctive Relief (Rule 23(b)(2. FIRST CAUSE OF ACTION BREACH OF CONTRACT (ON BEHALF OF PLAINTIFF)

32) Plaintiffs hereby repeat and reallege all preceding paragraphs contained herein. This cause of action is asserted on behalf of Plaintiff and of the Breach of Contract against Defendant. Plaintiff made a claim for property damage to Defendant. At the time of that claim, Plaintiff was party to an insurance contract requiring Defendant to pay insured the actual replacement replacement value / purchase price of their total loss claim.

Rockwell V. Progressive Complaint                                    CASE NO.__4FA-23-_____CI___
3240 Plato Way, North Pole Alaska 99705
(907)750-7101                                    PAGE 8 OF 10

Exhibit A, page 8 of 10

Case 4:23-cv-00022-JMK   Document 1-1   Filed 09/21/23   Page 8 of 10

Before making her claim, and in the time since, Plaintiff has performed all obligations under her policy of insurance and was entitled to the benefits she contracted for in that policy.

33) Through the use of improper vehicle valuation reports, as detailed above, Defendant settled Plaintiff claim, for less than the replacement/purchase price replacement value / purchase price required by the insurance contract.

34) As a direct result of Defendant's breaches, Plaintiff sustained actual damages. Plaintiff damages are at least $89,565.00 without the purchase of a new unit (before calculations of additional sales tax benefits), plus pre-judgment, and post-judgment interest.

35) Plaintiffs hereby repeat and reallege all preceding paragraphs contained herein.

36) Plaintiffs made claims for property damage to Defendant.

37) Alaska 501.204 Unlawful acts and practices. (1) Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful. "Deceptive acts or practices in the conduct of any business, trade or commerce in the furnishing of any service in this state are hereby declared unlawful."

38) The acts and practices alleged herein are deceptive and were carried out in the conduct of Defendant's business. The use of unfounded and arbitrary Adjustments as a means of undervaluing claimants' total loss claims has the capacity to and does deceive and injure consumers. Defendant does not do what its policy says it will do – pay actual replacement/purchase price replacement value / purchase price. Moreover, as described above.

39) Defendant used these unsupported misrepresentations about "consumer purchasing behavior" to systematically under value replacement value / purchase price and, in turn, underpay Plaintiffs' total loss claims.

40) Defendant systematically misrepresent and under replacement value / purchase price the actual replacement. / Purchase price of claimants' loss vehicles and personal contents. Here, Defendant misrepresented the actual replacement value / purchase price of the Plaintiffs totaled vehicle and Personal Contents, paying her

undervaluation (before calculations of additional sales tax benefits) $89,565.00 less than the actual replacement value / purchase price to which she was entitled.

41) Plaintiff loss is $89,565.00 combined for the difference in purchase price and to pay the unit off, personal contents at $40,000.00 replacement in both units. Damage to her credit causes a loss of $152,465.00 replacement of the KRTH before taxes and another $60,000.00 for the GPS.

42) As a result of Defendant's actions, Plaintiffs incurred damages, including actual damages in the amount their loss vehicle valuations and personal contents of both Recreational Vehicle units and future rental income of both units.

43) PRAYER FOR RELIEF WHEREFORE, Plaintiff respectfully request that this Court: a)enter an order finding that Defendant's actions described herein constitute breaches of the express terms of its policies of insurance; b) enter an order finding that Defendant's actions described herein constitute violations of Alaska Law and c) award Plaintiff actual damages according to proof; d) enter an injunction restraining Defendant's use of deceptive practices in determining the replacement / purchase price of total loss vehicles; e) award pre-judgment and post-judgment interest at the maximum rate permitted by applicable law; and f) grant such other legal and equitable relief as the Court may deem appropriate, including specific performance as an alternative to damages.

44) DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all issues so triable. Dated: July 04, 2023

Respectfully submitted,
Lisa Rockwell

*Lisa Rockwell*

Rockwell V. Progressive Complaint                                    CASE NO.__4FA-23-_____CI___
3240 Plato Way, North Pole Alaska 99705
(907)750-7101                                    PAGE 10 OF 10

Exhibit A, page 10 of 10

Case 4:23-cv-00022-JMK   Document 1-1   Filed 09/21/23   Page 10 of 10