# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

LISA ROCKWELL,

              Plaintiff,

    v.

PROGRESSIVE INSURANCE, *et al.*,

              Defendants.

Case No. 4:23-cv-00022-SLG

## ORDER ON PENDING MOTIONS

This order addresses fifteen motions currently pending before the Court:[1]

1.    Docket 31, Plaintiff Lisa Rockwell's Motion for Protective Order.

2.    Docket 36, Defendants Progressive Insurance, The Progressive Corporation, Progressive Casualty Insurance Company, and Progressive Direct Insurance Company's (collectively, "Progressive")[2] Motion to Compel Deposition of Plaintiff and for Sanctions.

3.    Docket 39, Ms. Rockwell's Motion in Limine and Motion for Summary Judgment.

4.    Docket 40, Progressive's Motion to Compel Discovery Responses.

---

[1] Plaintiff Lisa Rockwell has also filed two notices with the Court. Docket 56 (Notice of Filing Exhibit O); Docket 60 (Notice of Filing Exhibit P).

[2] Progressive maintains that the only proper defendant is Progressive Direct Insurance Company. *See, e.g.*, Docket 36 at 1 n.1.

5.  Docket 44, Progressive's Motion in the Alternative Pursuant to Rule 56(d) to Defer Consideration of or Deny Plaintiff's Motion in Limine and Motion for Summary Judgment in Favor of Plaintiff.

6.  Docket 52, Ms. Rockwell's Motion to Strike.

7.  Docket 54, Ms. Rockwell's Motion to Strike Progressive's Opposition to Motion to Strike.

8.  Docket 55, Ms. Rockwell's Motion to Strike Expert Witness and Disclosure Report.

9.  Docket 57, Progressive's Motion for Clarification.

10. Docket 58, Progressive's Motion to Strike Dockets 54 and 55.

11. Docket 61, Progressive's Motion for Extension of Time to Respond to Dockets 54 and 55.

12. Docket 62, Ms. Rockwell's Amended Motion to Strike Charlotte County Property.

13. Docket 63, Ms. Rockwell's Amended Motion for Summary Judgment.

14. Docket 64, Ms. Rockwell's Amended Motion to Strike Expert Witness and Disclosure Report.

15. Docket 65, Ms. Rockwell's Amended Motion for Order of Protection.

One additional motion, Progressive's Motion to Stay Discovery Deadlines at Docket 70, is not yet ripe.[3]

Oral argument was not requested and was not necessary to the Court's determinations.

The Court has jurisdiction based on diversity of citizenship.

## BACKGROUND

This dispute arises out of payments Ms. Rockwell received under a Progressive insurance policy after two travel trailers—a 2020 Keystone Raptor 423 travel trailer ("Keystone") and a 2018 Starcraft GPS travel trailer ("GPS")—were destroyed by Hurricane Ian in Florida in September 2022.[4] Ms. Rockwell alleges that Progressive undervalued the Keystone and the contents of both trailers and, as a result, Ms. Rockwell received less than the full "replacement value / purchase price" of the Keystone and the trailers' contents.[5] Ms. Rockwell further alleges that

---

[3] The Court notes that an extension of the close of discovery deadline appears necessary if the parties are to proceed with discovery as permitted by this order. *See* Docket 30 (setting close of fact discovery for April 16, 2025). In light of Progressive's representation that the parties are engaged in preliminary settlement discussions, *see* Docket 74, the Court will refrain from amending the schedule until either the motion at Docket 70 or another motion to amend discovery deadlines is ripe.

[4] Docket 1-1 at 4–5. Ms. Rockwell resides in North Pole, Alaska, but alleges that she and her family were visiting Florida when Hurricane Ian struck, and that both travel trailers were destroyed. Docket 1-1 at 5.

[5] Docket 1-1 at 3–5. Although Ms. Rockwell contends that both travel trailers were destroyed, the specific allegations of undervaluing by Progressive focus on the Keystone. Ms. Rockwell alleges that the "replacement value / purchase price" of the Keystone was $118,586 based on

Case 4:23-cv-00022-SLG    Document 76    Filed 05/12/25    Page 3 of 57

she cancelled her policy after the travel trailers were totaled, but that Progressive reactivated the policy without her permission, after which she received a collections notice.[6]  According to Ms. Rockwell, "Defendants failure to provide a timely response resulted in damage to Plaintiffs credit score causing inability to purchase any unit on credit . . . Defendants' actions resulted in lost income for future rental units."[7]  Ms. Rockwell alleges that her total "loss is $89,565.00 combined for the difference in purchase price and to pay the unit off, personal contents at $40,000.00 replacement in both units. Damage to her credit causes a loss of $152,465.00 replacement of the [Keystone] before taxes and another $60,000.00 for the GPS."[8]  Ms. Rockwell asserts claims for breach of contract, negligence, and bad faith.[9]

---

the manufacturer's base price and add on features such as an "Extreme Weather Package", but that Progressive instead insured the Keystone for $63,050.  Docket 1-1 at 4.

[6] Docket 1-1 at 5.

[7] Docket 1-1 at 6.

[8] Docket 1-1 at 10.

[9] Docket 1-1 at 1.  Ms. Rockwell's Complaint also references the Alaska Unfair Trade Practices and Consumer Protection Act, Alaska Stat. §§ 45.50.471, *et. seq.*, Docket 1-1 at 3, and appears to quote Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.204, *compare* Docket 1-1 at 9 (purporting to reference "Alaska 501.204 Unlawful acts and practices"), *with* Fla. Stat. § 501.204(1), despite Ms. Rockwell's apparent acknowledgement that her claims are governed by the "insurance policy terms and applicable Alaska law," Docket 1-1 at 5.  On the record before it, the Court agrees that Alaska has the "most significant relationship to the transaction and the parties" at issue in this action, and that therefore Alaska—not Florida—law applies. *See Palmer G. Lewis Co. v. ARCO Chem. Co.*, 904 P.2d 1221, 1227 & n.14 (Alaska 1995) (quoting Restatement (Second) of Conflict of Laws § 188(1) (1988)).

Case No. 4:23-cv-00022, *Rockwell v. Progressive Insurance*, *et al.*
Order on Pending Motions
Page 4 of 57

Ms. Rockwell, who is self-represented, originally filed this action in Alaska Superior Court on July 4, 2023.[10]  Defendants removed the action to this Court on September 21, 2023, based on diversity of citizenship.[11]  The Court entered a scheduling and planning order on February 13, 2024,[12] and the parties appear to have exchanged initial disclosures and preliminary witness lists thereafter.[13]  The parties stipulated to modify the scheduling and planning order in August 2024, twice again in September 2024, and again in October 2024;[14] the Court entered the current scheduling order on October 23, 2024.[15]  Under the current scheduling order, fact discovery closed on April 16, 2025.[16]

The pending motions relate primarily to various discovery disputes.  Ms. Rockwell also moves for summary judgment and to exclude witnesses.  Progressive moves to compel discovery and seeks clarification of and objects to procedural deficiencies in Ms. Rockwell's motions.

---

[10] *See* Docket 1-1 at 10.

[11] Docket 1.

[12] Docket 15.

[13] *See* Dockets 16, 17.

[14] Dockets 20, 21, 23, 24, 26, 28, 29, 30.

[15] Docket 30.

[16] Docket 30 at 1.

Case No. 4:23-cv-00022, *Rockwell v. Progressive Insurance*, *et al.*
Order on Pending Motions
Page 5 of 57

# DISCUSSION

## I. Dockets 31 and 40 – Ms. Rockwell's Request for Protective Order and Progressive's Motion to Compel Discovery Responses

At Docket 31 is Ms. Rockwell's Request for Protective Order. Progressive filed a combined response in opposition and motion to compel at Docket 32. Ms. Rockwell did not file a reply. Progressive later re-filed its opposition as a motion to compel at Docket 40, following the Clerk's instruction that combined documents are not allowed pursuant to Local Civil Rules 7.1(e) and 5.1(f)(2). Ms. Rockwell responded in opposition to the motion to compel at Docket 41, and Progressive replied at Docket 46.[17]

Ms. Rockwell's motion for a protective order at Docket 31 and Progressive's motion to compel at Docket 40 involve the same underlying dispute: whether Ms. Rockwell must provide information related to her and her husband's credit history as requested in Progressive's Interrogatory No. 19 and Requests for Production Nos. 7, 10, 14, and 15.[18] Progressive's motion to compel also seeks responses to Requests for Production Nos. 11 and 12, which request documents related to the

---

[17] Ms. Rockwell later filed an Amended Motion for Protective Order at Docket 65. Ms. Rockwell's amended motions are discussed *infra* Section VII.

[18] The parties agree on the factual background of the dispute: Progressive requested that Ms. Rockwell provide supplemental answers to certain discovery requests, and Ms. Rockwell refused. *See* Docket 31 at 1; Docket 40 at 4-5.

Case No. 4:23-cv-00022, *Rockwell v. Progressive Insurance*, *et al.*
Order on Pending Motions
Page 6 of 57

loans for the Keystone and GPS, respectively, and Request for Production No. 13, which seeks documents related to Ms. Rockwell's "Thousand Trails" membership.

Federal Rule of Civil Procedure 26(b) governs the scope of discovery and provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The test for relevance under Federal Rule of Evidence 401 is broad: Evidence is relevant if it "has any tendency to make a fact more or less probable" and "the fact is of consequence in determining the action." Information within this scope of discovery need not be admissible at trial to be discoverable.[19]

"Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute."[20] "A party answering interrogatories has an affirmative duty to furnish any and all information available to the party."[21] A similar duty applies to

---

[19] Fed. R. Evid. 26(b)(1).

[20] *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998).

[21] *Myhre v. Seventh-Day Adventist Church Reform Movement Am. Union Int'l Missionary Soc.*, 298 F.R.D. 633, 647 (S.D. Cal. 2014) (citation omitted); *see also* Fed. R. Civ. P. 33.

responses to requests for production and requests for admission.[22]  The reasons for any objection to a discovery request must be stated,[23] and an objection to a request for production "must state whether any responsive materials are being withheld on the basis of that objection." [24]

Federal Rule of Civil Procedure 37(a) allows a party to move for an order compelling another party to make a required disclosure or respond to discovery. The first step in the process is for the dissatisfied party to "in good faith confer[] or attempt[] to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[25]  If that effort fails, the dissatisfied party may file a motion to compel.[26]  If the court agrees that some or all of the responses to the discovery are inadequate, it may enter an order compelling the other party to produce further discovery.[27] If the motion to compel is granted, "the

---

[22] *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 936 (9th Cir. 1994) ("Parties may not view requests for admission as a mere procedural exercise requiring minimally acceptable conduct. They should focus on the goal of the Rules, full and efficient discovery, not evasion and word play."); *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 947 (9th Cir. 1993) (holding that district court did not err in finding that party's response to request for production was incomplete); *see also* Fed. Rs. Civ. P. 33, 34, 36.

[23] *See* Fed. R. Civ. P. 33(b)(4) (interrogatories); Fed. R. Civ. P. 34(b)(2)(B) (requests for production); Fed. R. Civ. P 36(a)(5) (requests for admission).

[24] Fed. R. Civ. P. 34(b)(2)(C).

[25] Fed. R. Civ. P. 37(a)(1).

[26] Fed. R. Civ. P. 37(a).

[27] Fed. R. Civ. P. 37(b).

court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."[28] "But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."[29] "If a party ... fails to obey an order to provide or permit discovery," a court may issue sanctions, up to and including dismissal of the case.[30]

Federal Rule of Civil Procedure 26(c) provides a mechanism to limit the discovery process. Pursuant to Rule 26(c), a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." To grant a protective order, a court must determine

---

[28] Fed R. Civ. P. 37(a)(5)(A).

[29] *Id.* If the motion is denied, the Court must require the movant or their attorney to pay the party who opposed the motion its reasonable expenses, unless the motion was substantially justified or other circumstances make an award of expenses unjust. Fed R. Civ. P. 37(a)(5)(B).

[30] Fed. R. Civ. P. 37(b)(2)(A); *see also In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1233 (9th Cir. 2006) ("Rule 37 sanctions, including dismissal, may be imposed where the violation is due to willfulness, bad faith, or fault of the party. Disobedient conduct not shown to be outside the litigant's control meets this standard." (internal quotation marks and citations omitted)).

that good cause exists for the restrictions to be imposed.[31]  To establish good cause, the moving party must demonstrate specific prejudice or harm will result without the protective order.[32]

In her motion for a protective order, Ms. Rockwell "requests that all of her credit history and her husband's Credit history be protected . . . ."[33]  Ms. Rockwell contends that she has "provided a complete payment history of the vehicle in question . . .[,] has provided all the loan documentation provided by the creditor[, and] cannot provide a loan application since it was done on a computer at the dealership that went out of business."[34]  According to Ms. Rockwell, the material that Progressive requests "is irrelevant and appears more like an attempt to harass plaintiff and make burdensome requests, since this is regarding damages caused after the fact."[35]  Ms. Rockwell also asserts that Progressive's requests for credit-related discovery "violates Plaintiffs and her Spouses Confidential Information" and

---

[31] *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) (citing *Phillips v. Gen. Motors*, 307 F.3d 1206, 1212 (9th Cir. 2002)).

[32] *Id.*

[33] Docket 31 at 3.

[34] Docket 31 at 3.

[35] Docket 31 at 2.

asserts that there is "good cause why it should not be part of the public record of this case."[36]

In Progressive's opposition and motion to compel,[37] Progressive asserts that the discovery it seeks related to the Rockwells' credit history is relevant because Ms. Rockwell seeks damages based on harm to her credit.[38] According to Progressive, "[i]t is essential for the defense to have access to Ms. Rockwell's financial history pre-loss and post-loss to adequately analyze the validity of her allegations and prepare a cross-examination of any witness she intends to identify to testify regarding her alleged loss of credit worthiness."[39] Progressive contends that "[i]t is well known that a borrower's payments, or lack thereof, on all loans or lines of credit play a role in determining a person's credit rating."[40] With respect to Ms. Rockwell's husband, David Rockwell, Progressive contends that it would be "unreasonable" not to allow discovery into his credit history because "marital funds used to pay off a spouse's individual debts are relevant in a person's ability to timely make payments on all existing loans and their ability to access additional

_____

[36] Docket 31 at 2.

[37] Dockets 32 and 40 are identical except for the date of filing and docket number. The Court cites to Docket 40 for convenience.

[38] Docket 40 at 7–12.

[39] Docket 40 at 9.

[40] Docket 40 at 9.

Case 4:23-cv-00022-SLG    Document 76    Filed 05/12/25    Page 11 of 57

lines of credit" and because "loans that a borrower cosigns with another individual, especially a spouse, affect their credit as well."[41] Progressive further contends that Ms. Rockwell's responses to Requests for Production Nos. 11, 12, and 13, which request documents related to the loans for the Keystone and GPS and Ms. Rockwell's "Thousand Trails" membership, are inadequate. Progressive asks the Court to "issue an order compelling Ms. Rockwell to provide complete answers to the interrogatories and requests for production or relinquish the right to assert such claims against Progressive in this lawsuit."[42] With respect to Ms. Rockwell's motion for a protective order, Progressive notes that Ms. Rockwell filed her motion without attempting to confer with Progressive and states that "Progressive is certainly willing to craft a specific order protecting confidential information exchanged in this litigation from dissemination to the public."[43]

The Court finds that Ms. Rockwell has put her credit history and history of loan payments at issue in this case by alleging "damage to Plaintiffs credit score causing inability to purchase any unit on credit," and that "[d]amage to her credit causes a loss of $152,465.00 replacement of the [Keystone] before taxes and

---

[41] Docket 40 at 9.

[42] Docket 40 at 7.

[43] Docket 40 at 13.

Case No. 4:23-cv-00022, *Rockwell v. Progressive Insurance*, *et al.*
Order on Pending Motions
Page 12 of 57

another $60,000.00 for the GPS."[44]  Indeed, Ms. Rockwell admits in her motion for a protective order that her credit history is relevant; according to Ms. Rockwell, "this case is about damages caused to Plaintiffs credit after Progressive failed to do their due diligence resulting in the lien holder writing off the loan as a bad debt."[45]  Ms. Rockwell's acknowledgement that her creditworthiness is central to her claims warrants the denial of her motion for a protective order insofar as she seeks protection from discovery related to her credit history and liabilities.  Ms. Rockwell will be required to support her alleged claims for damages—including her alleged losses of $152,465.00 plus $60,000.00 stemming from damage to her credit—with evidence of those damages, and Progressive is entitled (1) to see that evidence in advance of trial and (2) to discovery that is relevant to its defenses against those damages claims.

With respect to discovery into David Rockwell's credit history and liabilities, the Court will permit discovery into all loans and liabilities on which both Ms. Rockwell and David Rockwell were signatories, but will not require the disclosure of loans, liabilities, and credit information solely in Mr. Rockwell's name.  The Court reads Ms. Rockwell's Complaint as claiming damages as to Ms. Rockwell's

---

[44] Docket 1-1 at 6, 10.

[45] Docket 31 at 1.

Case No. 4:23-cv-00022, *Rockwell v. Progressive Insurance*, *et al.*
Order on Pending Motions
Page 13 of 57

personal credit only—not her husband's credit.[46]  Additionally, only Ms. Rockwell's name and signature appears on the loan and Keystone purchase documentation that Progressive attached as exhibits to its Motion to Compel Discovery Responses and opposition to Ms. Rockwell's Motion for Protective Order; although Mr. Rockwell was the Progressive policyholder, Mr. Rockwell's name is not listed in connection with the loans and purchases that form the core of Ms. Rockwell's claims.[47]  It is therefore unclear why liabilities in Mr. Rockwell's name only are relevant to Ms. Rockwell's claims.  In light of the foregoing, Ms. Rockwell must disclose any and all loans, debts, and liabilities on which she is a signatory, from June 1, 2019, to the present,[48] regardless of whether she believes that that they have affected her creditworthiness.  And by maintaining that Mr. Rockwell's credit history is not relevant to the claims and defenses in this case, Ms. Rockwell is

---

[46] Ms. Rockwell's briefing is consistent with this limitation as to her damages. Indeed, this is the basis for her opposition to the Court's consideration of recorded real property documents related to Mr. Rockwell's ownership of and mortgage on a property in Charlotte County, Florida. *See* Dockets 49, 52. The Court took judicial notice of the recorded real property documents at Docket 48, but the Court noted in its order on Ms. Rockwell's motion for reconsideration that "the relevance and import of these documents, if any, to the pending motions before the Court is at this point undetermined." Docket 50 at 2.

[47] *See* Docket 40-2 at 14–16; Docket 40-3 at 22, 25–27; Docket 40-5 at 1-3; Docket 40-15 at 1–5.  Progressive argues in its opposition brief to a later motion that the fact that the Keystone was in Ms. Rockwell's name while Mr. Rockwell was the named insured with financial responsibility for the insurance payments shows that the Rockwells "shared financial responsibilities" and "comingled their assets to satisfy their debts and liabilities whether separately titled or not," and warrants discovery into his debts and liabilities.  Docket 53 at 6–7. The Court does not find this fact sufficient to make Mr. Rockwell's separate finances relevant.

[48] *See* Docket 40-11 at 9, 12.

Case No. 4:23-cv-00022, *Rockwell v. Progressive Insurance*, *et al.*
Order on Pending Motions
Page 14 of 57

barred from asserting that she is entitled to any compensation for alleged damage to Mr. Rockwell's credit history.

The Court addresses Ms. Rockwell's concerns about her and her husband's credit history being made part of the public court record as follows: First, pursuant to Federal Rule of Civil Procedure 5(d)(1)(A), "disclosures under Rule 26(a)(1) or (2) and the following discovery requests and responses *must not be filed until they are used in the proceeding or the court orders filing*: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission."[49] In other words, discovery responses are not routinely filed and therefore are not automatically part of the public court record; they may only be filed with the Court when "used in the proceeding"—for example, as exhibits in connection with a motion. Second, the parties are ordered to confer regarding a proposed protective order governing the handling of confidential financial information, and to submit a proposed order to the Court for review. The proposed protective order may require each filing that contains confidential financial information to be redacted and accompanied by a motion to file under seal pursuant to Local Civil Rule 7.3(f).

---

[49] Emphasis added.

The Court addresses each discovery request for which Progressive seeks to compel a supplemental response as follows:

> INTERROGATORY NO. 19: Please identify every and all liabilities, including but not limited to, personal loans, vehicle loans, boat loans, recreational vehicle loans, mortgages, liabilities, debts, credit cards, lines of credit, medical debts, that you and/or husband, David Rockwell, are responsible for from June 1, 2019 to the present. For each debt/liability identified, please state: the name, address, and telephone contact information for the person(s) and/or entities that each debt/liability is owed.

> ANSWER: David Rockwell's information is confidential and irrelevant to this case. The historical debts and credit history are irrelevant to the case since Plaintiffs credit history was suffiient [sic] to purchase the Keystone Raptor and the Starcraft GPS on her own credit. Current debts are irrelevant to this case. This lawsuit is in regards to only the 2020 Keystone Raptor (KR) Progressives breach of contract by false advertising, failure of timely response, falsly [sic] stating we agreed to the $63,050.00 and willful negligence of listing purchase price at $63,050.00 is the only debt that is relevant to discovery and the only debt that affects my credit in the future.[50]

Contrary to Ms. Rockwell's assertion in her answer to Interrogatory No. 19, all of Ms. Rockwell's debts are relevant to her claim that her credit was damaged and that Progressive is responsible for that damage, as discussed above. Progressive is not required to take Ms. Rockwell's word that "$63,050.00 is the only debt that is relevant to discovery and the only debt that affects my credit in

---

[50] Docket 40-11 at 9.

the future."[51]  Ms. Rockwell's answer ignores that a person's credit rating takes into account *all* of a person's liabilities and that her credit rating may therefore be affected by other debts.  Progressive is entitled to discovery into Ms. Rockwell's other liabilities—including all debts jointly held with Mr. Rockwell—because those liabilities may be relevant to its defenses to Ms. Rockwell's claim that her credit was harmed by Progressive and that she suffered more than $200,000 in damages as a result.[52]

Ms. Rockwell also contends in her answer to Interrogatory No. 19 that her "current debts are irrelevant to this case."[53]  With respect to this objection, it is not clear whether Ms. Rockwell is drawing a distinction between debts that arose before and after the period for which she seeks damages, because it is not clear from Ms. Rockwell's Complaint or discovery responses whether Ms. Rockwell alleges damages continuing to the present or ending upon the filing of the

---

[51] Docket 40-11 at 9.

[52] The Court also finds that Progressive's discovery requests seeking information about Ms. Rockwell's credit and liabilities are proportional to the needs of the case.  *See* Fed. R. Civ. P 26(b)(1) (identifying several factors to be considered in addressing proportionality including "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.").  Ms. Rockwell has not demonstrated that the burden or expense of the proposed discovery outweighs its likely benefit, or that Progressive can obtain the requested information from other sources.  *See* Docket 31. And because the information sought is central to Ms. Rockwell's damages claims, the requested discovery is important to resolving the issues.

[53] Docket 40-11 at 9.

Case No. 4:23-cv-00022, *Rockwell v. Progressive Insurance*, *et al.*
Order on Pending Motions
Page 17 of 57

Complaint (or some other date).[54]  But regardless of the end date of the period for which Ms. Rockwell seeks credit-related damages, which is not clear, Ms. Rockwell's current debts are relevant to Progressive's defenses as they may show that Ms. Rockwell was later able to take out loans after Progressive allegedly damaged her credit.  Accordingly, Ms. Rockwell must answer Interrogatory No. 19 in full as to all her own liabilities, as well as jointly held liabilities with her spouse, but need not provide information regarding liabilities in Mr. Rockwell's name only.

> REQUEST FOR PRODUCTION NO. 7: Please produce copies of any and all documents and records that support the allegation that your credit was damaged after the loss to your 2020 Keystone Raptor 423, VIN No. 4YDF42338LR800283.

> RESPONSE: What would you like?[55]

Ms. Rockwell's response to Request for Production No. 7 is inadequate.  Ms. Rockwell is uniquely positioned to know what documentation is available that supports her claim for damage to her credit and must provide all such documentation to Progressive.  Although it is appropriate for the parties to confer regarding the availability of documents, it is Ms. Rockwell's responsibility to conduct a good-faith, reasonable search and inquiry for all responsive documents

---

[54] In a later motion, Ms. Rockwell asserts that she "will have 7 to 10 years of bad debt on her credit" because of Progressive's actions, Docket 39 at 2, suggesting that Ms. Rockwell seeks credit-related damages continuing to the present.

[55] Docket 40-10 at 7.

Case No. 4:23-cv-00022, *Rockwell v. Progressive Insurance*, *et al.*
Order on Pending Motions
Page 18 of 57

and information, and to produce all such documents and information to Progressive. Ms. Rockwell must provide Progressive all documents that support her claim for damage to her credit to which she has reasonable access. If Ms. Rockwell fails to produce documents during discovery that are in her possession, custody, or control, she may not use those documents as evidence at trial.

> REQUEST FOR PRODUCTION NO. 10: Please produce any and all documents relating to the repayment and/or satisfaction of any liabilities and/or debts identified in Interrogatory No. 19.

> RESPONSE: Irrelevant, you have the documents related to the Keystone Raptor[56]

The same reasoning applied to Interrogatory No. 19, above, applies to Request for Production No. 10. Ms. Rockwell must produce all documents in her possession related to repayment and/or satisfaction of her own liabilities and/or debts identified in response to Interrogatory No. 19. Ms. Rockwell may designate documents containing sensitive financial information as confidential pursuant to the protective order to be proposed by the parties and entered by the Court.

> REQUEST FOR PRODUCTION NO. 14: Please produce any and all documents relating to your financial and/or credit history from June 1, 2019 to the present.

> RESPONSE: Irrelevant.[57]

---

[56] Docket 40-11 at 10.

[57] Docket 40-11 at 12.

Case No. 4:23-cv-00022, *Rockwell v. Progressive Insurance*, *et al.*
Order on Pending Motions
Page 19 of 57

As explained above, Ms. Rockwell has put her financial and credit history at issue in this case by asserting a claim for damages related to her financial and credit history. The documents and information sought by this request are therefore discoverable and Ms. Rockwell must provide documents responsive to this request.

Perhaps in reaction to this request, Ms. Rockwell claims that "Progressive requests to run my credit further reducing Plaintiffs credit score causing further harm and will be added to damages against Plaintiff."[58] However, Request for Production No. 14 asks for Ms. Rockwell to produce documents related to her financial and/or credit history that are in her possession or that she can reasonably obtain.[59] Further, as Progressive points out, under federal law, Ms. Rockwell can obtain her own credit score without affecting her credit.[60]

> REQUEST FOR PRODUCTION NO.15: Please produce a signed copy of the enclosed financial releases.

> RESPONSE: NO, my credit history is irrelevant to the case.[61]

---

[58] Docket 31 at 3.

[59] *See* Fed. R. Civ. P 34.

[60] Docket 40 at 14 (citing 15 U.S.C. § 1681j(a)(1)(A)).

[61] Docket 40-11 at 12.

Case No. 4:23-cv-00022, *Rockwell v. Progressive Insurance*, *et al.*
Order on Pending Motions
Page 20 of 57

Neither party has provided the Court with a copy of the "enclosed financial releases" referenced in Progressive's Request for Production No. 15. However, the Court rejects Ms. Rockwell's contention in her response that her "credit history is irrelevant." Ms. Rockwell must provide an amended response, and either produce a signed copy of the financial releases requested or assert specific objections to the form of Progressive's proposed releases. Alternatively, in lieu of signing the requested releases, Ms. Rockwell may herself obtain all of the requested documents from the third parties and provide them to Progressive.[62]

> REQUEST FOR PRODUCTION NO. 11: Please produce any and all documents relating to the loan for the 2020 Keystone Raptor 423, Vin No. 4YDF42338LR800283, including but not limited to, your payment history, loan application, and correspondence with the Alliant Credit Union or any other entity that you were responsible for making payments on your loan for the 020 Keystone Raptor 423, Vin No. 4YDF42338LR800283,

> RESPONSE: Relevant documents were already provided[63]

Ms. Rockwell contends that she has already provided documents responsive to Request for Production No. 11. Progressive responds that it "has only been provided with a copy of an incomplete payment history (with cut off

---

[62] For each Request for Production, Ms. Rockwell is obligated by Rule 34 of the Federal Rules of Civil Procedure to produce all documents within her "possession, custody or control," which includes all documents to which she has "the legal right to obtain ... on demand." *FDIC v. Halpern*, 271 F.R.D. 191, 193 (D. Nev. 2010) (citing 8B Wright & Miller, et al., Fed. Prac. & Proc. Civ. § 2177 (3d ed. 2010)).

[63] Docket 40-11 at 10.

dates), a single loan statement, and a screen shot of an Alliant Credit Union account and an incomplete, email communication with Alliant Credit Union."[64] Progressive attaches documents produced by Ms. Rockwell but does not support its assertion regarding the completeness of the production with a sworn declaration.[65] If Progressive's statement is an accurate representation of Ms. Rockwell's production, then that production is incomplete. Ms. Rockwell must produce complete copies of responsive documents—not selected portions of them. The parties must also confer to discuss what, if any, additional documents related to the loan for the Keystone are reasonably accessible by Ms. Rockwell that have not yet been provided or made available for inspection by Progressive.

> REQUEST FOR PRODUCTION NO. 12: Please produce any and all documents relating to the loan for the 2018 Starcraft GPS, Vin No. 1SABS0BM0J24B5110, including but not limited to, your payment history, loan application, and correspondence with Aqua Finance or any other entity that you were responsible for making payments on your loan for the 2018 Starcraft GPS, Vin No. 1SABS0BM0J24B5110,
>
> RESPONSE: Irrelevant.[66]

Ms. Rockwell's response to Request for Production No. 12 is inadequate. Ms. Rockwell alleges that the damage to her credit caused a loss of $60,000.00

---

[64] Docket 40 at 11.

[65] *See* Dockets 40-1–40-16.

[66] Docket 40-11 at 11.

Case No. 4:23-cv-00022, *Rockwell v. Progressive Insurance*, *et al.*
Order on Pending Motions
Page 22 of 57

for the GPS.[67]  Hence all documents related to the GPS loan are discoverable because they are relevant to Ms. Rockwell's damages claim.  And, as discussed above, all of Ms. Rockwell's loans and liabilities from June 1, 2019, to the present are relevant to the parties' claims and defenses and proportional to the needs of the case.[68]

> REQUEST FOR PRODUCTION NO. 13: Please produce any and all documents relating to your "Thousand Trials Membership" included by not limited to, your payment history, membership application, and correspondence with "Thousand Trials."
>
> RESPONSE: Irrelevant.[69]

Ms. Rockwell's response to Request for Production No. 13 is inadequate.

Ms. Rockwell has placed her Thousand Trails membership at issue by including $15,744.00 for "thousand trails rv" and "Thousand Trails Membership I can't use (In Collections)" in various itemizations of her damages provided in response to Progressive's interrogatories.[70]  Thus, like Progressive's other discovery requests,

---

[67] Docket 1-1 at ¶ 41.

[68] *See* discussion *supra* note 52.

[69] Docket 40-11 at 11.  Although misspelled in Request for Production No. 13, exhibits attached to Progressive's motion suggest that both Progressive and Ms. Rockwell understood this to refer to a "Thousand Trails" Membership for which Ms. Rockwell indicated she was claiming damages. *See* Docket 40-14 (October 28, 2024 letter from Progressive's counsel to Ms. Rockwell); Docket 40-16 (screenshot showing Thousand Trails balance produced by Ms. Rockwell).

[70] Docket 40-9 at 9, 18; Docket 40-10 at 3, 9.

Case No. 4:23-cv-00022, *Rockwell v. Progressive Insurance*, *et al.*
Order on Pending Motions
Page 23 of 57

Request for Production No. 13 requests documents directly related to the amounts Ms. Rockwell claims she is entitled to recover from Progressive. Just as Ms. Rockwell must produce documents related to her claim for damages stemming from harm to her credit (or else abandon that claim), so too must she produce documents related to her claim for damages based on her "Thousand Trails" membership.

Progressive does not request reasonable expenses incurred in bringing its motion to compel, which the Court takes as its acknowledgement that the circumstances here—where the motion to compel was filed in response to a self-represented litigant's motion for a protective order—make an award of expenses unjust.[71] The Court therefore declines to award reasonable expenses in connection with Progressive's Motion to Compel Discovery Responses.

## II. Docket 36 – Progressive's Motion to Compel Plaintiff's Deposition and for Sanctions

At Docket 36 is Defendants' Motion to Compel Plaintiff's Deposition and for Sanctions. Ms. Rockwell filed a response in opposition at Docket 38 and Defendants filed a reply at Docket 37.[72]

---

[71] *See* Fed. R. Civ. P 37(b)(2)(A).

[72] The filings at Dockets 37 and 38 appear out of order because Ms. Rockwell filed her motion conventionally via mail, while Progressive completed filing electronically. As a result, Progressive was served with a copy of the opposition brief (and filed a reply) before it was received by the Court. *See* Docket 38 at 7–8.

Ms. Rockwell initially agreed to appear for her deposition on November 14, 2024;[73] however, less than 24 hours before the scheduled deposition and the day after Progressive filed its opposition to her motion for a protective order, Ms. Rockwell stated that she would not appear for her deposition unless Progressive first provided her with a list of the questions it intended to ask at her deposition.[74]

Progressive requests an order compelling Ms. Rockwell to appear for her deposition and "instructing Ms. Rockwell how she should conduct herself at the deposition or provide the parties with whatever procedural guidelines it deems necessary," given Ms. Rockwell's last-minute cancellation and her demand to review and select the questions she would answer at her deposition.[75] Progressive attaches to its motion emails from Ms. Rockwell, in which she states that "[she had] already written [her] answers and if they are the same questions I will add harassment charges", "I think I'll wait for the judge to rule," "send me the questions you plan to ask tomorrow, if not then cancel tomorrow," and "my credit history is irrelevant and will not lead to information that will benefit your client."[76] Progressive

---

[73] Ms. Rockwell initially stated that "the 14th is great to be as long as its virtual." Docket 36-13. The deposition was later noticed for November 14, 2024, at an office in Fairbanks, Alaska. Docket 36-4. Nothing in the record suggests that Ms. Rockwell objected to this location.

[74] *See* Docket 36-1 at 8–10; Docket 36-7.

[75] Docket 36-1 at 13, 15.

[76] Docket 36-16; *see* Docket 36-1 at 12.

contends that Ms. Rockwell should be sanctioned for her last-minute refusal to appear for her deposition, and requests that the Court award Progressive its reasonable expenses and attorney's fees incurred in filing its Motion to Compel Plaintiff's Deposition.[77]

Ms. Rockwell, in her opposition, acknowledges that she "originally agreed to the November 14th Deposition, but [changed her mind because of] abuse by the defendant of producing false insurance information, and propounding excessive, invasive, and harassing discovery requests."[78] Ms. Rockwell states that she advised Progressive's counsel, Ms. Crabb, that she "would not answer questions already asked and objected to, . . . asked Ms. Crabb if she had a list of questions," and asked Ms. Crabb to "send me the questions you plan to ask tomorrow, if not then cancel tomorrow."[79] Ms. Rockwell "advised Ms. Crabb that she wanted to wait for the ruling of the Judge on the Protection Order."[80] With respect to Progressive's request for sanctions, Ms. Rockwell contends that the request "will

---

[77] Docket 36-1 at 13.

[78] Docket 38 at 2.

[79] Docket 38 at 2.

[80] Docket 38 at 2.

Case No. 4:23-cv-00022, *Rockwell v. Progressive Insurance, et al.*
Order on Pending Motions
Page 26 of 57

not accomplish anything since [she] owns nothing of value, has limited income and wouldn't be able to pay anyone for sanctions."[81]

Federal Rule of Civil Procedure 37(d) addresses the failure to attend one's own deposition and the sanctions that may be imposed for such failure. Under Rule 37(d), a court may order sanctions if a party fails to appear for their deposition after being served with proper notice.[82] Although a pending motion for a protective order is a necessary condition to be excused for failure to attend a deposition, it is not sufficient.[83] The mere filing of a motion for a protective order does not relieve a deponent of her duty to appear; instead, that duty is relieved only by obtaining either a protective order or an order staying the deposition pending resolution of the motion for protective order.[84] "[I]t is for the court, not the deponent or his counsel, to relieve him of the duty to appear."[85] Similarly, "[c]onveying to opposing

---

[81] Docket 38 at 4.

[82] Fed. R. Civ. P 37(d)(1)(A)(i).

[83] *Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n*, 316 F.R.D. 327, 337 (D. Nev. 2016); *see* Fed. R. Civ. P. 37(d)(2) ("A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).").

[84] *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964) ("[U]nless [the movant] has obtained a court order that postpones or dispenses with his duty to appear, that duty remains."); *see also In re Toys "R" Us–Delaware, Inc. Fair & Accurate Credit Transactions Act (FACTA) Litig.*, Case No. ML 08–1980 MMM, 2010 WL 4942645, at *3 & n. 2 (C.D. Cal. July 29, 2010) (collecting cases, and finding failure to attend deposition was unexcused despite the pendency of a motion for protective order).

[85] *Pioche Mines*, 333 F.2d at 269.

Case No. 4:23-cv-00022, *Rockwell v. Progressive Insurance*, *et al.*
Order on Pending Motions
Page 27 of 57

counsel objections to a deposition and an intent not to appear is insufficient to avoid sanctions for a subsequent non-appearance."[86]   Courts have broad discretion to award sanctions for failure to appear at a deposition, up to and including dismissal of the action.[87]   In addition, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."[88]

A deponent also may select the questions that they will answer during a deposition.[89]   Under Federal Rule of Civil Procedure 30(c)(2):

> An objection at the time of the examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

---

[86] *Nationstar Mortg.*, 316 F.R.D. at 337 n.8; *see Toys "R" Us*, 2010 WL 4942645, at *3 (finding that notice to opposing counsel of intended non-appearance does not excuse failure to appear).

[87] Fed. R. Civ. P. 37(d)(3).

[88] *Id.*

[89] *See* Fed. R. Civ. P. 30(c)(2); *Luangisa v. Interface Operations*, Case No. 2:11-CV-00951-RCJ, 2011 WL 6029880, at *11–12 (D. Nev. Dec. 5, 2011) (noting that "[t]here are limited grounds upon which a deponent may refuse to answer a question during a deposition" and that a "deponent may not unilaterally refuse to answer questions at a deposition").

Case No. 4:23-cv-00022, *Rockwell v. Progressive Insurance*, *et al.*
Order on Pending Motions
Page 28 of 57

This rule applies to self-represented parties.[90]  A deponent is obligated to answer all questions unless the question pertains to privileged information or is subject to a court-ordered limitation.[91]  If a self-represented party believes that a question is improper for any other reason, they may note their objection on the record at the deposition but nevertheless must answer the question and allow the deposition to proceed.  The only ground to move to terminate or limit a deposition under Rule 30(d)(3) is if "it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party," in which event "the deposition [may] be suspended for the time necessary to obtain an order" from the court.[92]

Here, Ms. Rockwell agreed to be deposed on November 14, 2025, and was served with proper notice of her deposition.[93]  Accordingly, she was required to appear at the stated time and place.[94]

---

[90] *See King v. Atiyeh*, 814 F.2d 565, 657 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.")

[91] Privileged information includes confidential communications between a client and their attorney made for the purpose of obtaining legal advice.  Because Ms. Rockwell is self-represented, the attorney-client privilege is not applicable here.

[92] Fed. R. Civ. P. 30(d)(3)(A).

[93] *See* Docket 36-4 at 1–2; Docket 36-13 at 1.

[94] *See Kirst v. Ottosen Propeller & Accessories Inc.,* Case No. 3:16-cv-00188-TMB, 2017 WL 11454434, at *3 (D. Alaska Oct. 24, 2017).

Case No. 4:23-cv-00022, *Rockwell v. Progressive Insurance*, *et al.*
Order on Pending Motions
Page 29 of 57

Ms. Rockwell's filing of a motion for a protective order did not relieve her of her duty to appear for her deposition on November 14, 2024. Ms. Rockwell was aware of Progressive's intent to schedule her deposition when she filed her Motion for Protective Order, but did not request that her deposition be stayed, or even mention her deposition, in that motion.[95] She also agreed to the date of her deposition after filing her motion for a protective order; yet it was not until the eve of her deposition that Ms. Rockwell indicated that she would not attend.[96] This is precisely the kind of last-minute gamesmanship that the Ninth Circuit has sought to prevent by holding that a party's duty to appear at a deposition is not excused by the filing of a motion under Rule 30(b).[97]

The Court finds that Ms. Rockwell's conduct supports an award of sanctions. Sanctions are not mandatory here because Ms. Rockwell had a pending motion

---

[95] Progressive first indicated its intent to take Ms. Rockwell's deposition in an October 1, 2024 letter to Ms. Rockwell, and followed up regarding deposition scheduling and other discovery disputes in a second letter dated October 24, 2024. Docket 40-12; Docket 40-13.

[96] Ms. Rockwell confirmed November 14, 2024 as a suitable date for her deposition in an email on October 31, 2024. Docket 36-13 at 1. Ms. Rockwell mailed her motion for a protective order on October 26, 2024; it was received by the Court on November 1, 2024. Docket 31 at 3–4.

[97] *See Pioche Mines*, 333 F.2d at 269 ("[U]nless [the deponent] has obtained a court order that postpones or dispenses with his duty to appear, that duty remains. Otherwise, as this case shows, a proposed deponent, by merely filing motions under Rule 30(b), could evade giving his deposition indefinitely.").

for a protective order.[98]  However, the motion does not mention Ms. Rockwell's deposition.[99]  Instead, Ms. Rockwell delayed raising issues related to her deposition until the day before the deposition was scheduled and then refused to attend, leaving Progressive's counsel little choice but to continue the deposition despite having already booked and paid for flights.[100]  Accordingly, the Court finds that Progressive is entitled to recover its reasonable expenses, including attorney's fees, caused by Ms. Rockwell's failure to appear pursuant to Federal Rule of Civil Procedure 37(d)(3). Progressive may submit an affidavit within **7 days** of the date of this order setting forth the fees and expenses it incurred in relation to the cancelled deposition, and Ms. Rockwell may file a response as to the reasonableness of the amount requested within **7 days** thereafter, with the amount of reasonable fees and expenses that are awarded to be included as a credit or debit in the final judgment to be entered in this case at its conclusion.

With respect to conduct at the deposition, Ms. Rockwell must not refuse to answer a question at her deposition because she believes the question to be irrelevant or duplicative.  Rule 30 makes clear that a deponent (or, if the deponent

---

[98] Fed. R. Civ. P. 37(d)(2) ("A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).").

[99] *See* Docket 31.

[100] Docket 36-9.

Case No. 4:23-cv-00022, *Rockwell v. Progressive Insurance*, *et al.*
Order on Pending Motions
Page 31 of 57

is represented, their lawyer) may not unilaterally decide the scope of the questioning in a deposition. Objections are to be "noted on the record, but the examination still proceeds; the testimony is taken subject to any objection."[101] A deponent may only refuse to answer in specific, limited circumstances, and not based on objections as to relevance.[102] Ms. Rockwell must therefore answer all questions posed to her at her deposition except questions related *only* to Mr. Rockwell's entirely separate credit or liabilities, for the reasons set forth in this order. Ms. Rockwell may not assert objections (or refuse to answer) based on "attorney-client privilege" or "attorney work product" since Ms. Rockwell is self-represented in this case. Nor is Ms. Rockwell entitled to review the deposition questions in advance,[103] or to be deposed only by written questions.[104]

---

[101] Fed. R. Civ. P. 30(c)(2).

[102] *Id.* ("A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).").

[103] *See, e.g., National Life Ins. Co. v. Hartford Acc. and Indem. Co.*, 615 F.2d 595, 599–600 (3d Cir. 1980) (noting that the Federal Rules do not allow for advance submission of deposition questions and that there is "no policy justification for allowing the witness the option of reviewing written questions prior to the deposition"); *Ramirez v. Johnson*, Case No. 2:17-cv-07788-DSF-KES, 2019 WL 11824986, at *1 (C.D. Cal. Aug. 14, 2019) ("Plaintiff is not entitled to receive the deposition questions ahead of time.").

[104] Federal Rule of Civil Procedure 31 gives the deposing party, not the witness, the option of conducting a deposition by written questions. In a recent filing, Ms. Rockwell states that she would prefer a written deposition, or, alternatively, to be deposed virtually via Zoom. Docket 73 at 1. But Rule 30 specifically gives Progressive the right to question Ms. Rockwell by oral deposition and to take the deposition in person.

Case No. 4:23-cv-00022, *Rockwell v. Progressive Insurance, et al.*
Order on Pending Motions
Page 32 of 57

Additionally, Ms. Rockwell must not refuse to answer a deposition question because the topic is one that is also addressed by Progressive's written discovery. Written discovery requests and depositions may cover the same topics. Under Rule 30, a party's view that a question is duplicative or has already been asked and answered is not a permissible basis for refusing to answer. Ms. Rockwell may state appropriate objections at her deposition, but she must then answer each question posed.[105]

Ms. Rockwell's failure to appear for her rescheduled deposition and answer questions consistent with the guidance in this order may result in the award of additional sanctions, up to and including dismissal of this case.[106]

**III. Dockets 39, 44, and 57 – Ms. Rockwell's Motion in Limine and Motion for Summary Judgment, Progressive's Motion in the Alternative Pursuant to Fed R. Civ. P. 56(d) to Defer Consideration of or Deny Plaintiff's Motion in Limine and Motion for Summary Judgment, and Progressive's Motion for Clarification**

---

[105] Consistent with this order, Progressive's counsel must not ask Ms. Rockwell questions about debts or assets held solely in Mr. Rockwell's name.

[106] Fed. R. Civ. P. 37(b)(2)(A).

Case No. 4:23-cv-00022, *Rockwell v. Progressive Insurance*, *et al.*
Order on Pending Motions
Page 33 of 57

At Docket 39 is Ms. Rockwell's Motion in Limine and Motion for Summary Judgment. Progressive responded in opposition at Docket 42.[107] Ms. Rockwell did not file a reply, but did file a "Summary of the Evidence" at Docket 47 within the time permitted for a reply.[108] Defendant responded to Ms. Rockwell's summary of evidence with a motion for clarification at Docket 57, asking the Court whether it has a right to respond to the summary.[109] The Court reads Ms. Rockwell's "Summary of the Evidence" at Docket 47 as a reply brief to which no response by Progressive is required or permitted.

At Docket 44 is Defendants' Motion in the Alternative Pursuant to Fed R. Civ. P. 56(d) to Defer Consideration of or Deny Plaintiff's Motion in Limine and Motion for Summary Judgment.

In her motion at Docket 39, Ms. Rockwell "asks the court[] to dismiss the Defendants witnesses" and "make summary Judgement based on evidence presented."[110] Ms. Rockwell contends that Progressive's witnesses should be dismissed, first, "due to providing the courts false information" and, second,

---

[107] As an exhibit to its opposition, Progressive conventionally filed an audio recording of a phone call between Ms. Rockwell and Progressive in which Ms. Rockwell transferred insurance coverage from a different RV to the Keystone. Docket 43.

[108] Ms. Rockwell later filed an Amended Motion for Summary Judgment at Docket 63, which is addressed in Section G below.

[109] Docket 57 at 3.

[110] Docket 39 at 2.

Case No. 4:23-cv-00022, *Rockwell v. Progressive Insurance, et al.*
Order on Pending Motions
Page 34 of 57

because "[n]one of Defendants witnesses will bring evidence relevant to this case as to why Defendant incorrectly listed the purchase price."[111] Ms. Rockwell asserts that she "has already proven" or "has already established" various facts, and further asserts that she "was unable to pay off the 2020 Keystone Raptor Fifth Wheel due to Defendants actions, Plaintiffs credit will have 7 to 10 years of bad debt on her credit resulting in Plaintiff not being able to purchase a new RV."[112] Ms. Rockwell does not attach any exhibits to her motion or otherwise support her assertions with citations to the record.[113]

Progressive responds that Ms. Rockwell's motion is deficient because it provides only conjecture in support of her positions and "fails to provide any evidence that supports her claim that Progressive, and not Ms. Rockwell, incorrectly listed the purchase price of the [Keystone] or that she suffered damage as a result of any action of Progressive."[114] Progressive contends Ms. Rockwell's "failure to cite any portion of the record or submit any evidence has left Progressive without the ability to adequately respond in any meaningful way" to Ms. Rockwell's

---

[111] Docket 39 at 1–2.

[112] Docket 39 at 2.

[113] Ms. Rockwell's "summary of evidence" contains additional unsupported assertions of fact. *See* Docket 47. Ms. Rockwell also attached three unauthenticated exhibits, which appear to be excerpts of Progressive's claim notes with annotations by Ms. Rockwell. *See* Dockets 47–47-3.

[114] Docket 42 at 2

Case No. 4:23-cv-00022, *Rockwell v. Progressive Insurance*, *et al.*
Order on Pending Motions
Page 35 of 57

assertions.[115]  Accordingly, Progressive simultaneously filed its Motion in the Alternative Pursuant to Fed R. Civ. P. 56(d) to Defer Consideration of or Deny Plaintiff's Motion in Limine and Motion for Summary Judgment and an affidavit in which Progressive's counsel avers that "discovery from Ms. Rockwell is outstanding and crucial to defend the allegations made in this litigation."[116] Progressive nonetheless asserts in its opposition brief that there are several material facts in dispute.[117]  Progressive attached 14 exhibits to its opposition.[118]

The Court notes at the outset that Ms. Rockwell's combined Motion in Limine and Motion for Summary Judgment is procedurally improper.  The motion violates Local Civil Rule 7.1(e) because it contains two distinct requests for relief—a motion in limine to "dismiss the Defendants witnesses" and a motion for summary judgment—in a single filing.[119]  However, in light of Ms. Rockwell's pro se status and because Progressive addresses Ms. Rockwell's motions on the merits, the Court will address the substance of both motions.  Ms. Rockwell is advised that

---

[115] Docket 42 at 2.

[116] Docket 44-1 at 2.

[117] Docket 42 at 11–13.

[118] *See* Dockets 42-2–42-15. Many of Progressive's exhibits do not appear to be properly authenticated. *See* Dockets 42-2–42-12. The Court need not and does not rely on these exhibits.

[119] *See* D. Alaska L. Civ. R. 7.1(e) ("Except for alternative requests for relief or as otherwise provided by rule or order of the court, each motion must be filed separately.").

continued failures to comply with this District's local rules and the Federal Rules of Civil Procedure may result in additional sanctions, up to and including dismissal of this action.[120]

"A motion in limine is a procedural mechanism to limit in advance [of trial] testimony or evidence in a particular area."[121] Pretrial consideration avoids the need to attempt to "unring the bell" when jurors see or hear inadmissible evidence, even when it is stricken from the record.[122] "A motion in limine should not be used to resolve factual disputes or weigh evidence"[123] and "is not the proper vehicle for seeking a dispositive ruling on a claim."[124]

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The burden of showing the absence of a genuine dispute of material fact lies with the movant.[125]

---

[120] *See* Fed. R. Civ. P. 41(b) (authorizing dismissal for failure to comply with the Federal Rules of Civil Procedure).

[121] *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009).

[122] *Brodit v. Cambra,* 350 F.3d 985, 1004–05 (9th Cir. 2003) (Berzon, J., dissenting) (internal citation omitted).

[123] *Tundra Mountain Holdings, LLC v. Markel Ins. Co.*, Case No. 4:20-CV-0023-HRH, 2023 WL 4763221, at *1 (D. Alaska July 26, 2023) (internal citation and quotation marks omitted).

[124] *Hana Financial, Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013).

[125] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

A party seeking summary judgment must set out specific facts in sworn declarations, deposition testimony, sworn answers to interrogatories, or authenticated documents, as provided in Rule 56(c). If the movant meets this burden, the non-moving party must demonstrate "specific facts showing that there is a genuine issue for trial."[126] When considering a motion for summary judgment, a court views the facts in the light most favorable to the non-moving party and draws "all justifiable inferences" in the non-moving party's favor.[127]

Under Federal Rule of Civil Procedure 56(e), "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order." And "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow

---

[126] *Id.* at 324 (quoting Fed. R. Civ. P. 56(e) (1986)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

[127] *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).

Case No. 4:23-cv-00022, *Rockwell v. Progressive Insurance*, *et al.*
Order on Pending Motions
Page 38 of 57

time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."[128]

Here, Ms. Rockwell's motion fails to set forth any basis for excluding the testimony of Progressive's witnesses or for entering summary judgment in favor of Ms. Rockwell.

A court will not preclude a party's witnesses from testifying based on another party's unsupported assertions of the witnesses' dishonesty or lack of relevance of their prospective testimony.[129] Ms. Rockwell's contention in her motion in limine that "Defendant falsified information by and through their Counsel provided to the courts in their last filing" is both vague and unsupported.[130] Although Ms. Rockwell somewhat clarifies the "false information" to which she is referring in her summary of evidence—she specifies that "'Defendant falsified they spoke to David regarding the Policy. ' . . . Plaintiffs husband does not recall speaking to Progressive and

---

[128] Fed. R. Civ. P. 56(d).

[129] *See* Docket 39 at 2 (requesting that the Court "dismiss the Defendants witnesses due to providing the courts false information about the plaintiffs property").

[130] Docket 39. For all motions, Local Civil Rule 7.4(b)(a) requires that a "party asserting a fact must support the assertion by citing to particular parts of materials in the record, including depositions, affidavits or declarations, stipulations, discovery responses, or other materials." In addition, "[w]here practical, reference to previously filed portions of the record should be made to avoid repetition. The reference must include, when available, the document number and page number assigned by the CM/ECF System."

would not have verified false information that Progressive states"[131]—this assertion, too, is unsupported by the sworn testimony of Mr. Rockwell or otherwise and, even if supported, is not a reason for the Court to exclude Progressive's witnesses from offering testimony. Whether Mr. Rockwell spoke to Progressive and what was said in any such conversation are disputed factual questions. Additionally, Ms. Rockwell's assertions regarding her husband are not supported by a sworn affidavit, appear to be based on hearsay and speculation, and are accompanied only by unauthenticated documents. If Ms. Rockwell seeks to challenge the credibility of Progressive's witnesses, she may do so on cross-examination at trial.

Further, Federal Rule of Evidence 601 provides that "[e]very person is competent to be a witness" unless the Federal Rules of Evidence, or state law in civil cases on claims arising under state law, provide otherwise. Lay witnesses may testify to matters about which they have personal knowledge,[132] and may express opinions based on matters they have personally observed if the opinion would be helpful to the fact finder and is not based on any specialized

---

[131] Docket 47 at 3.

[132] Fed. R. Evid. 602.

knowledge.[133]   Although evidence—including witness testimony—must be

relevant, the bar for relevance is low.[134]  The witnesses disclosed in Progressive's

preliminary witness list each appear to have some relation to this case and may

be able to give relevant testimony based on their personal knowledge.[135]   The

Court therefore denies Ms. Rockwell's motion to exclude witnesses.

Ms. Rockwell's motion for summary judgment fails to show that there is no

genuine issue of material fact for trial and that Ms. Rockwell is entitled to judgment

as a matter of law.  As the party moving for summary judgment, Ms. Rockwell "has

both the initial burden of production and the ultimate burden of persuasion."[136]

Although Ms. Rockwell contends in her motion that she "has already proven" and

"has established" various assertions, her motion is unsupported by admissible

evidence, and the documents attached to her "summary of evidence" have not

been authenticated by any of the means set forth in Federal Rule of Evidence 901

---

[133] Fed. R. Evid. 701.  Qualified experts with specialized knowledge helpful to the fact finder may offer opinions if the testimony "is based on sufficient facts or data," "is the product of reliable principles and methods," and "reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702.

[134] *See* Fed. R. Evid. 401 (""Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.").

[135] *See* Docket 16.  Progressive has since filed its final witness list, which includes the four witnesses listed in its preliminary witness list. *See* Docket 59.

[136] *Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

Case No. 4:23-cv-00022, *Rockwell v. Progressive Insurance*, *et al.*
Order on Pending Motions
Page 41 of 57

or 902 and will not be considered by the Court.[137]  Ms. Rockwell also does not explain why her assertions, even if established, would entitle her to judgment as a matter of law on any of her claims.  Ms. Rockwell's conclusory statements about the import of certain documents—interpretations which Progressive disputes—do not satisfy the standard for summary judgment.  Additionally, as discussed above, many of Ms. Rockwell's discovery responses, as well as her deposition testimony, are still outstanding; Progressive has shown via affidavit that these discovery responses are essential to Progressive's opposition to a motion for summary judgment.[138]

Although repetitive motions for summary judgment are generally discouraged, "district courts have discretion to entertain successive motions for summary judgment,"[139] as well as to issue appropriate orders pursuant to Rule 56(d).  Additionally, pursuant to Rule 56(e), a court may provide parties an opportunity to properly support or address assertions of facts in connection with a motion for summary judgment.  A "successive motion for summary judgment is

---

[137] *See* Rule 56(6); *see also Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) (noting that the Ninth Circuit has "repeatedly held that unauthenticated documents cannot be considered in a motion for summary judgment").

[138] *See* Docket 44-1 at 2.

[139] *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010)

particularly appropriate on an expanded factual record."[140]  Accordingly, the Court denies Ms. Rockwell's motion for summary judgment without prejudice.  Ms. Rockwell may file a successive motion for summary judgment after the close of discovery and in compliance with the District of Alaska's Local Civil Rules and the Federal Rules of Civil Procedure.

### IV. Docket 52 – Ms. Rockwell's Motion to Strike Property Documents

At Docket 52 is Ms. Rockwell's Motion to Strike the "deed, loan modification agreement and all information related to the Plaintiffs Husbands Charlotte County property" from the record.  Progressive responded in opposition at Docket 53.  Ms. Rockwell did not file a reply.

Pursuant to Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[141]  "Rule 7 defines pleadings as a complaint or third-party complaint; an answer to a complaint, a third-party complaint, a counterclaim, a crossclaim, or a reply to an answer. Generally, therefore, motions, briefs, and memoranda may not be attacked by a motion to strike."[142]  The proper vehicle for

---

[140] *Id.*

[141] Fed. R. Civ. P. 12(f).

[142] *Forest Grove Sch. Dist. v. Student*, Case No. 3:14-CV-00444-AC, 2018 WL 1762738, at *2 (D. Or. Apr. 12, 2018) (internal quotation marks omitted) (citing Fed. R. Civ. P. 7(a)(1–7)). Other documents may, however, be stricken under specific circumstances pursuant to other

Case No. 4:23-cv-00022, *Rockwell v. Progressive Insurance*, *et al.*
Order on Pending Motions
Page 43 of 57

striking material that is not part of the pleadings is generally an evidentiary objection.[143]

The materials that Ms. Rockwell moves to strike appear to be (1) a Mortgage, Loan # 400222105294709, recorded in the Charlotte County Clerk of Circuit Court on July 5, 2022, lodged at Docket 45-1, and (2) a Loan Modification Agreement, recorded in the Charlotte County Clerk of Circuit Court on July 24, 2023, lodged at Docket 45-2. Progressive moved the Court to take judicial notice of these documents on December 12, 2024, at Docket 45. The Court granted Progressive's motion and took judicial notice of the documents on January 10, 2025, at Docket 48.[144] Ms. Rockwell objected to that order at Docket 49. At Docket 50, the Court construed that objection as a motion for reconsideration and denied it.[145]

Ms. Rockwell argues that "Plaintiffs Husbands home loan is not relevant to Progressives breach of contract for failure to properly insure the Plaintiffs 2020

---

rules. *See* Fed. R. Civ. P. 11(a) ("The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.").

[143] *Forest Grove Sch. Dist.*, 2018 WL 1762738, at *2 (citations omitted).

[144] The documents were originally filed at Dockets 42-13 and 42-14, as Exhibits 12 and 13 to Progressive's Opposition to Plaintiff's Motion in Limine and Motion for Summary Judgment. On December 12, 2024, at Docket 45, Progressive moved the Court to take judicial notice of these documents and refiled them at Dockets 45-1 and 45-2.

[145] Ms. Rockwell later filed an Amended Motion to Strike Charlotte County Property at Docket 62, which is discussed in Section G below.

Keystone Raptor RV and act in a timely manner."[146] Ms. Rockwell states that "the Florida Constitution requires that both spouses sign deeds and mortgages of homestead property, even if the title to the property is in one spouse alone. Property in Charlotte County is not the property of Plaintiff since she is not on the note. Plaintiffs name on deed strictly in the event of Plaintiffs husbands death."[147] Ms. Rockwell cites multiple Alaska state statutes governing the classification of marital property and obligations of spouses.[148] Ms. Rockwell also attaches three exhibits, which appear to be (1) an unrecorded copy of a loan document related to Loan #00222105294709, (2) one page of a loan modification agreement bearing a different loan number, and (3) a December 30, 1992 declaration apparently signed by Lisa Rockwell and related to the division of property between David Rockwell and Lisa Rockwell.[149]

Progressive opposes the motion to strike on the bases that the motion to strike (1) "is not directed at a *pleading*," (2) is untimely, and (3), "is not a proper avenue to start afresh or make supplemental arguments to motions that have been

---

[146] Docket 52 at 2.

[147] Docket 52 at 1.

[148] Docket 52 at 2 (citing Alaska Stat. §§ 34.77.030, 34.77.060, 34. 77.070).

[149] Docket 52-1–52-3.

Case No. 4:23-cv-00022, *Rockwell v. Progressive Insurance*, *et al.*
Order on Pending Motions
Page 45 of 57

fully briefed."[150] Progressive also notes that the exhibits attached to Ms. Rockwell's motion to strike "are not authenticated and have not been produced through discovery."[151]

Here, the Court agrees with Progressive that there is no basis to strike the Charlotte County property documents. The judicially noticed documents are not pleadings, so are not properly subject to a motion to strike under Rule 12. Additionally, the documents have already been the subject of motion practice, and nothing in Ms. Rockwell's motion supports reversal of the Court's prior order taking judicial notice of the recorded property documents. As the Court explained in its order at Docket 48, "[c]ourts routinely take judicial notice of recorded real property documents."[152] The Court further clarified in its order denying reconsideration at Docket 50 that the Court has only taken "judicial notice of the fact that these recorded documents exist."[153] The significance of the recorded documents to the case at hand, if any, is yet to be determined. Likewise, whether they would be admissible at trial has not yet been determined. That Ms. Rockwell contests the

---

[150] Docket 53 at 5.

[151] Docket 53 at 6.

[152] Docket 48 at 2.

[153] Docket 50 at 2.

import of these publicly available documents does not support striking them from the record.

### V. Dockets 54, 55, and 58 – Ms. Rockwell's Motions to Strike and Progressive's Motions to Strike Ms. Rockwell's Motions to Strike

At Docket 58 is Progressive's Motion to Strike Ms. Rockwell's motions to strike at Dockets 54 and 55. No response was filed. Docket 54 is Ms. Rockwell's Motion to Strike regarding Progressive's response in opposition to her previous motion to strike at Docket 53, and Docket 55 is Ms. Rockwell's Motion to Strike Expert Witness and Disclosure Report.[154]

Progressive moves to strike Ms. Rockwell's motions at Dockets 54 and 55 because they are unsigned and therefore do not comply with Federal Rule of Civil Procedure 11(a).[155] Progressive points out that Ms. Rockwell has also filed five other papers without the required signature, but requests only that the Court strike Dockets 54 and 55.[156]

---

[154] At Docket 64 is Ms. Rockwell's Amended Motion to Strike Expert Witness and Disclosure Report, to which Progressive responded in opposition at Docket 66. All amended motions are discussed in Section G below.

[155] Docket 58 at 1–2.

[156] Docket 58 at 2, 5. Ms. Rockwell's other unsigned filings identified by Progressive are Docket 31 (Motion for Protective Order), Docket 39 (Motion in Limine and Motion for Summary Judgment), Docket 41 (Opposition to Motion to Compel), Docket 47 (Summary of Evidence), and Docket 52 (Motion to Strike). Docket 58 at 2.

Case No. 4:23-cv-00022, *Rockwell v. Progressive Insurance*, *et al.*
Order on Pending Motions
Page 47 of 57

Federal Rule of Civil Procedure 11(a) provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."

Rule 11(a) applies to every "pleading, written motion, and other paper," and therefore applies to Dockets 54 and 55. Because Ms. Rockwell has not corrected the unsigned motion at Docket 54, despite Progressive's motion calling the issue to her attention on February 14, 2025, the Court is required under Rule 11(a) to strike the motion. Relevant to Docket 55, Ms. Rockwell filed an amended motion to strike expert witness and disclosure report at Docket 64, which includes Ms. Rockwell's signature. However, the amended motion is not substantively the same as the original motion filed at Docket 55; it includes new arguments and assertions of fact. Ms. Rockwell's signature on that amended motion therefore does not remedy the signature deficiency with respect to Docket 55, and thus the Court must strike Docket 55 as well, although the Court will consider Docket 64.

Even if Ms. Rockwell had properly signed the motions at Dockets 54 and 55, the motions fail on their merits. With respect to Docket 54, the proper vehicle for presenting arguments in response to an opposition brief is a reply brief—not a motion to strike. As discussed above, motions to strike pursuant to Rule 12 are

limited to pleadings, such as complaints and answers. But pursuant to Local Civil Rule 7.1(c), a party may file a reply brief "restricted to rebuttal of factual and legal arguments raised in the opposition."

Challenges to the admissibility of an expert witness's opinion, like the challenge asserted in Docket 55, are generally asserted via an evidentiary objection either in a motion in limine or at trial. Federal Rule of Evidence 702 governs the admissibility of expert testimony. Under Rule 702, expert testimony is admissible if it "both rests on a reliable foundation and is relevant to the task at hand."[157] Expert testimony is not inadmissible simply because facts are in dispute or because a party disagrees with the expert's conclusion.[158] And to the extent that Docket 55 is a motion to strike the expert report of Lola Hogan,[159] there is nothing to strike because that expert report is not part of the Court record. "The Court can no more 'strike' an expert report than it can 'strike' any other document exchanged in discovery unless and until a party attempts to use the document in a court proceeding by filing it on the Court's docket or admitting it into evidence at

---

[157] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993).

[158] *See* Fed. R. Evid. 702 Committee Notes on Rules—2000 Amendment ("When facts are in dispute, experts sometimes reach different conclusions based on competing versions of the facts. The emphasis in the amendment on 'sufficient facts or data' is not intended to authorize a trial court to exclude an expert's testimony on the ground that the court believes one version of the facts and not the other.").

[159] *See* Docket 55 at 1 ("Plaintiff disputes Lola Hogan (Hogan) expert report disclosure review of the policy.").

Case No. 4:23-cv-00022, *Rockwell v. Progressive Insurance*, *et al.*
Order on Pending Motions
Page 49 of 57

trial."[160]  Progressive has yet to proffer any expert testimony as evidence in this case.

### VI.  Docket 61 – Progressive's Motion for Extension of Time to Respond to Dockets 54 and 55

At Docket 61 is Progressive's Motion for an Extension to Respond to Ms. Rockwell's Motions to Strike and Dockets 54 and 55.  No response was filed. Progressive's motion requests an order staying the deadline for Progressive to respond to Dockets 54 and 55 until after the Court has ruled on Progressive's Motion to Strike.

Because the Court grants Defendants' motion to strike at Docket 58, Dockets 54 and 55 are stricken from the record and Progressive's request for an extension of time to respond to those motions is denied as moot.

### VII.  Dockets 62, 63, 64, 65 – Ms. Rockwell's Amended Motions

At Docket 62 is Ms. Rockwell's Amended Motion to Strike regarding her husband's Charlotte County property records.  This amended motion supplements

---

[160] *Acad. of Motion Picture Arts & Scis. v. Godaddy.com, Inc.*, Case No. CV 10-03738-AB (CWX), 2015 WL 12697750, at *4 (C.D. Cal. Apr. 10, 2015); *see also Elizondo v. SeaWorld Parks & Ent., Inc.*, Case No. 20-CV-00829-GPC-BGS, 2021 WL 1626320, at *2 (S.D. Cal. Apr. 27, 2021) (finding that the defendant's motion to exclude expert testimony was premature as the plaintiff had not yet "used or attempted to use any expert opinion or testimony").

Ms. Rockwell's prior Motion to Strike at Docket 52. Progressive filed a response in opposition at Docket 69.

At Docket 63 is Ms. Rockwell's Amended Motion for Summary Judgment, supplementing Ms. Rockwell's prior Motion for Summary Judgment at Docket 39. Progressive filed a response in opposition at Docket 68.

At Docket 64 is Ms. Rockwell's Amended Motion to Strike Progressive's expert witness and disclosure, supplementing Ms. Rockwell's prior Motion to Strike Expert Witness and Disclosure Report at Docket 55. Progressive responded in opposition at Docket 66.

At Docket 65 is Ms. Rockwell's Amended Motion for a Protective Order, supplementing Ms. Rockwell's Motion for a Protective Order at Docket 31. Progressive responded in opposition at Docket 67. Ms. Rockwell did not file a reply to any of Progressive's responses to the foregoing motions.

Local Civil Rule 7.1(d) provides that supplemental briefing and factual materials will be permitted only in limited circumstances. As relevant here, "after briefing of a motion is complete, supplementation of factual materials may occur only by motion for good cause. The motion must have the proposed factual materials attached as an exhibit and address the reasons earlier filing was not

possible or their relevance was not appreciated. Such motions will not routinely be granted."[161]

Ms. Rockwell's amended motions do not comply with Local Civil Rule 7.1(d). Even if the Court had permitted Ms. Rockwell to supplement her motions, the amended motions fail for the same reasons as Ms. Rockwell's original motions:

- Docket 62 requests the same relief that Ms. Rockwell requested in her Motion to Strike at Docket 58 and is addressed by the Court's order on that motion.

- Docket 63, Ms. Rockwell's Amended Motion for Summary Judgment, suffers from the same deficiencies as Ms. Rockwell's original Motion for Summary Judgment at Docket 39, and is denied for the same reasons.

- Docket 64, Ms. Rockwell's Amended Motion to Strike Expert Witness and Disclosure, requests similar relief to Ms. Rockwell's Motion to Strike at Docket 55 and is addressed by the Court's discussion of the substance of that motion.

- Docket 65, Ms. Rockwell's Amended Motion for a Protective Order, requests the same relief that Ms. Rockwell requested as her original

---

[161] D. Alaska L. Civ. R. 7.1(d)(2).

Case 4:23-cv-00022-SLG    Document 76    Filed 05/12/25    Page 52 of 57

Motion for a Protective Order at Docket 31 and in her Motion to Strike at Docket 58, and is therefore addressed by the Court's orders on those motions.

Ms. Rockwell's amended motions are all therefore denied.

## VIII. Dockets 56 and 60 – Ms. Rockwell's Notice of Filing Exhibit O and Notice of Filing Exhibit P

At Dockets 56 and 60, Ms. Rockwell has filed two "notices of filing of exhibit[s]." Notices are a type of filing that should be rarely used and only for administrative functions—e.g., to notify the court of a change of address or to inform the Court that an attorney is appearing to represent a client.[162] Notices that do not comply with the procedural rules cannot be considered and should not be filed. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a motion, with an appropriate caption designating the name of the motion. Exhibits to motions must be attached to the motion to which they are related and not individually filed.[163] The Court will take no action on the notices filed at Dockets 56 and 60.

---

[162] See D. Alaska L. Civ. R. 11.1(b) (mandating self-represented litigants submit notice of a change of address and telephone number); D. Alaska L. Civ. R. 11.1(a) (instituting procedures for attorneys entering an appearance on behalf of a client).

[163] See D. Alaska L. Civ. R. 5.1(f); D. Alaska L. Civ. R 7.4(c).

**CONCLUSION**

Based on the foregoing, IT IS ORDERED as follows.

1. Plaintiff Lisa Rockwell's Motion for Protective Order at Docket 31 is GRANTED in part and DENIED in part.

   a. The motion is denied as it relates to discovery into Ms. Rockwell's credit information, assets, and liabilities; this includes discovery into joint assets and liabilities with David Rockwell.

   b. The motion is granted as it relates to discovery into David Rockwell's entirely separate credit information, assets, and liabilities.

   c. The motion is granted to the extent that it seeks to prohibit the filing of the Rockwells' confidential financial information on the public docket. The parties are directed to confer and file a proposed protective order governing the handling of confidential information within **14 days** of this order.

2. Progressive's Motion to Compel Deposition of Plaintiff and for Sanctions at Docket 36 is GRANTED. Progressive may submit an affidavit detailing the fees and expenses incurred within **7 days** of the date of this order, and Ms. Rockwell may file a response as to the reasonableness of the amount sought within **7 days** thereafter. The

amount awarded by the Court shall be included as a credit or debit in the final judgment, as applicable.

3. Ms. Rockwell's Motion in Limine and Motion for Summary Judgment.at Docket 39 are DENIED without prejudice to Ms. Rockwell filing a successive motion for summary judgment after the close of discovery and in compliance with this Court's local rules and the Federal Rules of Civil Procedure. Ms. Rockwell may also file renewed motions in limine in advance of trial after the Court issues a trial scheduling order that establishes a deadline for such motions.

4. Progressive's Motion to Compel Discovery Responses at Docket 40 is GRANTED in part and DENIED in part, consistent with the Court's order on Ms. Rockwell's Motion for Protective Order at Docket 31. Specifically, the motion to compel is granted as it relates to discovery into Ms. Rockwell's credit information and liabilities including all joint liabilities with David Rockwell and denied as it relates to discovery into David Rockwell's entirely separate credit information and liabilities.

5. Progressive's Motion in the Alternative Pursuant to Fed. Rule of Civ. Procedure 56(d) to Defer Consideration of or Deny Plaintiff's Motion in Limine and Motion for Summary Judgment in Favor of Plaintiff at Docket

44 is GRANTED insofar as Ms. Rockwell's Motion in Limine and Motion for Summary Judgment are denied.

6. Ms. Rockwell's Motion to Strike at Docket 52 is DENIED.

7. Ms. Rockwell's Motion to Strike Progressive's Opposition to Motion to Strike at Docket 54 is DENIED.

8. Ms. Rockwell's Motion to Strike Expert Witness and Disclosure Report at Docket 55 is DENIED.

9. Progressive's Motion for Clarification at Docket 57 is GRANTED as follows: The Court reads Ms. Rockwell's "Summary of the Evidence" at Docket 47 as a reply brief to which no response by Progressive was required or permitted.

10. Progressive's Motion to Strike Dockets 54 and 55 at Docket 58 is GRANTED. The Clerk is directed to strike Dockets 54 and 55 from the record.

11. Progressive's Motion for Extension of Time to Respond to Dockets 54 and 55 at Docket 61 is DENIED as moot.

12. Ms. Rockwell's Amended Motion to Strike Charlotte County Property Records at Docket 62 is DENIED without prejudice to Ms. Rockwell's filing of a motion in limine to preclude the introduction of these records at trial.

13. Ms. Rockwell's Amended Motion for Summary Judgment at Docket 63 is DENIED.

14. Ms. Rockwell's Amended Motion to Strike Expert Witness and Disclosure Report at Docket 64 is DENIED.

15. Ms. Rockwell's Amended Motion for Order of Protection at Docket 65 is DENIED.

16. A telephonic status conference is set for **May 29, 2025, at 10:00 a.m.** before District Judge Sharon L. Gleason. All parties shall participate telephonically by dialing 571-353-2301 (Call ID 020262828, Pin 487051) approximately five minutes before the scheduled hearing time.

DATED this 12th day of May 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE